ERIK G. BABCOCK, Bar No. 172517
LAW OFFICES OF ERIK BABCOCK
717 Washington St., 2d Floor
Oakland, CA 94607
(510) 452-8400 Tel
(510) 452-8405 Fax

Attorney for the Defendant
SUSAN SU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUSAN XIAO-PING SU, ) <br> ) <br> Defendant. ) <br> ) <br> ) | No. CR-11-00288 SBA <br><br> STIPULATED REQUEST TO CONTINUE TRIAL DATE TO APRIL 15, 2013 AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT <br><br> Trial Date: October 22, 2012 <br> Time: 8:30 a.m. <br> Court: Hon. Saundra Brown Armstrong |

The above-captioned matter is currently set for trial on October 22, 2012 at 8:30 a.m. The parties hereby jointly request that the Court continue to the trial date to April 15, 2013 at 8:30 a.m. and that the Court continue to exclude time under the Speedy Trial Act until April 15, 2013, or until the time set for filing of pre-trial motions.

Defendant was charged on November 10, 2011 in a 35-count superseding indictment charging with violations of 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1341 (Mail Fraud);18 U.S.C. § 371 (Conspiracy to Commit Visa Fraud); 18 U.S.C. § 1546(a) (Visa Fraud); 18 U.S.C. § 1001(a)(3) (Use of a False Document); 18 U.S.C. § 1001(a)(2) (False Statement to a Government Agency); 8 U.S.C. § 1324(a)(1)(A) (Alien Harboring); 18 U.S.C. § 1030(a)(3)

(Unauthorized Access to a Government Computer); 18 U.S.C. § 1957 (Money Laundering); and 18 U.S.C. § 2 (Aiding and Abetting).

The parties jointly request a continuance of the trial in order to effectively prepare the case for trial. This is a factually and legally complex case. Additionally, on July 26, 2012, the United States disclosed recently discovered discovery consisting of approximately 1,500 additional Reports of Investigation (ROI) and supporting documents completed by Homeland Security Investigations. The United States Attorney's Office discovered these additional ROIs in the last few weeks during its review of materials in preparation for trial. The production consists of approximately 1,500 reports that were discovered in related HSI investigations that make mention of, or pertain to, Tri-Valley University and/or Susan Su. Because these reports may contain additional relevant information and additional trial witnesses, Defendant Su requires additional time to review the information, to further investigate the case, and to prepare for trial. The United States does not object to Defendant Su's requested additional time to conduct such review, investigation, and preparation.

Additionally, counsel for Defendant Su is scheduled to leave the country for a three week vacation on August 1, 2012 and will not be available to begin reviewing the new discovery until after he returns. Defense counsel anticipates that after the new discovery has been reviewed, it will take months to reasonably conduct an adequate investigation. After an initial review of the ROIs, it appears that many of the witnesses may no longer reside in the United States. If the witnesses are material to the defense, counsel for Defendant Su may move to conduct depositions overseas.

Additionally, counsel for Defendant Su also has various other obligations in the fall and winter which will make it impossible for counsel to be reasonably prepared for trial in this case before April of 2013. More specifically, defense counsel will have to prepare and conduct jury trials in both a manslaughter case in Contra Costa Superior Court, as well as a felony assault case, also in Contra Costa County, both of which trials will be in the fall. Defense counsel also has three pending murder cases in state court and expects that at least one of those three cases will have to be tried in late 2012 or early 2013. Counsel also has two opening briefs due in the

1 | Ninth Circuit in the Fall. For all these reasons, counsel therefore stipulate and agree that defense
2 | counsel cannot conduct an adequate investigation or preparation for the trial of this case until
3 | April 15, 2013 and that the trial should be continued to that date.

4 |     The parties agree that the extension is not sought for delay. The parties further agree the
5 | ends of justice served by granting the continuance outweigh the best interests of the public and
6 | the defendant in a speedy trial. Therefore, the parties further stipulate and request that the Court
7 | exclude time between the date of this stipulation and April 15, 2013 under the Speedy Trial Act
8 | for effective preparation of defense counsel and pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii),
9 | and (B)(iv).

11 | DATED: July 27, 2012

14 | _____/s/_____      _____/s/_____
    HARTLEY M.K. WEST                                  ERIK BABCOCK
    WADE M. RHYNE                                       Counsel for Defendant
15 | Assistant United States Attorneys
    Counsel for United States

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | NORTHERN DISTRICT OF CALIFORNIA | |
| 10 | OAKLAND DIVISION | |

```
UNITED STATES OF AMERICA,        )   No. CR-11-00288 SBA
                                 )
        Plaintiff,                )   ORDER GRANTING STIPULATED
                                 )   REQUEST TO CONTINUE TRIAL DATE
    v.                           )   TO APRIL 15, 2013 AND TO EXCLUDE
                                 )   TIME UNDER THE SPEEDY TRIAL ACT
SUSAN XIAO-PING SU,              )
                                 )   Trial Date:  April 15, 2013
        Defendant.                )   Time:        8:30 a.m.
                                 )   Court:       Hon. Saundra Brown
                                 )               Armstrong
                                 )
```

The above-captioned matter is currently set for trial on October 22, 2012 at 8:30 a.m. The parties have jointly requested that the Court continue to the trial date to April 15, 2013 at 8:30 a.m. and that the Court continue to exclude time under the Speedy Trial Act until April 15, 2013, or until the time set for filing of pre-trial motions.

Defendant was charged on November 10, 2011 in a 35-count superseding indictment charging with violations of 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1341 (Mail Fraud);18 U.S.C. § 371 (Conspiracy to Commit Visa Fraud); 18 U.S.C. § 1546(a) (Visa Fraud); 18 U.S.C. § 1001(a)(3) (Use of a False Document); 18 U.S.C. § 1001(a)(2) (False Statement to a Government Agency); 8 U.S.C. § 1324(a)(1)(A) (Alien Harboring); 18 U.S.C. § 1030(a)(3) (Unauthorized Access to a Government Computer); 18 U.S.C. § 1957 (Money Laundering); and 18 U.S.C. § 2 (Aiding and Abetting).

The parties have jointly requested a continuance of the trial in order to effectively prepare the case for trial. Additionally, on July 26, 2012, the United States disclosed recently discovered discovery consisting of approximately 1,500 additional Reports of Investigation (ROI) and supporting documents completed by Homeland Security Investigations. The United States Attorney's Office discovered these additional ROIs in the last few weeks during its review of materials in preparation for trial. The production consists of approximately 1,500 reports that were discovered in related HSI investigations that make mention of, or pertain to, Tri-Valley University and/or Susan Su. Because these reports may contain additional relevant information and additional trial witnesses, Defendant Su requires additional time to review the information, to further investigate the case, and to prepare for trial. The United States does not object to Defendant Su's requested additional time to conduct such review, investigation, and preparation.

Additionally, counsel for Defendant Su represents that he is scheduled to leave the country for a three week vacation on August 1, 2012 and will not be available to begin reviewing the new discovery until after he returns. Defense counsel anticipates that after the new discovery has been reviewed, it will take months to reasonably conduct an adequate investigation. After an initial review of the ROIs by counsel for Defendant, it appears that many of the witnesses may no longer reside in the United States.

Additionally, counsel for Defendant Su represents that he also has various other obligations in the fall and winter which will make it impossible for him to be reasonably prepared for trial in this case before April 15, 2013. More specifically, defense counsel represents that he has to prepare and conduct jury trials in both a manslaughter case in Contra Costa Superior Court, as well as a felony assault case, also in Contra Costa County, both of which trials will be in the fall. Defense counsel represents that he also has three pending murder cases in state court and expects that at least one of those three cases will have to be tried in late 2012 or early 2013. Counsel represents that he also has two opening briefs due in the Ninth Circuit in the Fall. For all these reasons, counsel therefore stipulate and agree that defense

counsel cannot conduct an adequate investigation or preparation for the trial of this case until April 15, 2013 and that the trial should be continued to that date.

For all these reasons, the parties stipulate and agree that defense counsel cannot conduct an adequate investigation or preparation for the trial of this case until April 15, 2013 and that the trial should be continued to that date.

The parties agree, and the Court finds, that the extension is not sought for delay. For these stated reasons, the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. Good cause appearing therefor, and pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv),

**IT IS HEREBY ORDERED** that the trial this matter is continued from October 22, 2012 to **April 15, 2013 at 8:30 a.m.** before this Court, and that time between the date of this Order and April 15, 2013 is excluded under the Speedy Trial Act to allow for the effective preparation of defense counsel, taking into account the exercise of due diligence pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii), and (B)(iv). The pretrial conference is continued from October 16, 2012, to **April 2, 2013 at 11:00 a.m.** Motions in limine are due by March 5, 2013; oppositions are due by March 12, 2013; and replies are due by March 19, 2013.

DATED:_8/1/12

HON. SAUNDRA BROWN ARMSTRONG
United States District Court Judge